**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**In re: Procter & Gamble Aerosol Products Marketing and Sales Practices Litigation**

Case No. 2:22-md-3025
Judge Michael H. Watson
Magistrate Judge Chelsey Vascura

**This document relates to: ALL CASES**

**STIPULATED PROTECTIVE ORDER**

1. PURPOSES AND LIMITATIONS

On May 4, 2022, this Court entered an order governing the exchange of information with counsel for Plaintiffs who did not participate in discussions (defined below as "Non-Settling Plaintiffs' Counsel") related to the nationwide settlement that has been tentatively reached in this case. The Court's order "encouraged" counsel for Defendant The Procter & Gamble Co. (defined below as "P&G") and Non-Settling Plaintiffs' Counsel "to file a stipulated protective order." (Dkt. No. 14.)

This Stipulated Protective Order responds to the Court's order. It is intended to govern the exchange of the Term Sheet and the exchange of "all discovery [P&G] previously shared with the Settling-Plaintiffs' counsel to any Non-Settling Plaintiffs' counsel who has signed the stipulated protective order." (*Id.*)

The signatories to this Order acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the Term Sheet, the Mediation Submission, and the Informal Discovery (all of which are defined below).

2. DEFINITIONS

2.1 "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

Civil Procedure 26(c). For the avoidance of doubt, the Term Sheet, the Mediation Submission, and the Informal Discovery qualify as CONFIDENTIAL Information subject to this Order.

2.2 Informal Discovery: All information provided by P&G to Settling Plaintiffs' Counsel in connection with the settlement discussions that resulted in the nationwide settlement that has tentatively been reached in this case concerning P&G (whether or not prepared by or on behalf of P&G and irrespective of the form of communication, whatever the form or storage medium and whenever such communication was made) that is furnished to the Receiving Parties by or on behalf of P&G in connection with the Permitted Purpose (as defined in paragraph 2.11), as well as all notes, analyses, reports, compilations, studies, interpretations, summaries or other documents (whether or not prepared by or on behalf of P&G and irrespective of the form of communication, whatever the form or storage medium and whenever such communication was made) prepared by the Receiving Parties, that contain, reflect or are based on, in whole or in part, the information so furnished. The term Informal Discovery does not include information that:

i. is or becomes generally available to the public other than directly or indirectly as a result of a breach of this Agreement by the Receiving Parties;

ii. was within the Receiving Parties' possession before being furnished by or on behalf of P&G, if the source of the information was not bound by a confidentiality agreement with, or other contractual, legal or fiduciary obligation of confidentiality to, P&G;

iii. is or becomes available to the Receiving Parties from a source other than P&G, if the source of the information was not bound by a confidentiality agreement with, or other contractual, legal or fiduciary obligation of confidentiality to, P&G; or

iv. is independently developed by the Receiving Parties without use of the Informal Discovery or otherwise violating the Receiving Parties' obligations under this Agreement.

2.3 Mediation Submission: The Procter & Gamble Company's Mediation Statement

provided to the mediator and Settling Plaintiffs' Counsel dated March 22, 2022.

2.4 Non-Settling Plaintiffs' Counsel: Counsel for plaintiffs in these cases that did not sign the Notice of Settlement filed with the Court on May 3, 2022.

2.5 P&G: The Procter & Gamble Company, the Defendant in these actions.

2.6 Permitted Purpose: Preparing for and participating in discussions relating to the nationwide settlement that has been tentatively reached in these cases and, if a settlement is reached, efforts related to obtaining the Court's preliminary and final approval of any settlement.

2.7 Producing Party: The Procter & Gamble Company.

2.8 Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.9 Protected Material: Any information that is designated as "CONFIDENTIAL." For the avoidance of doubt, the Term Sheet, the Mediation Submission, and the Informal Discovery qualify as "Protected Material."

2.10 Receiving Party: Non-Settling Plaintiffs' Counsel that agree to be bound by the terms of this Stipulated Protective Order.

2.11 Settling Plaintiffs' Counsel: Counsel for Plaintiffs in these cases that signed the Agreement Concerning Confidentiality of Informal Discovery.

2.12 Term Sheet: The Memorandum of Settlement executed on or about May 3, 2022 by P&G, on the one hand, and Settling Plaintiffs' Counsel, on the other hand.

3. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. The protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a

Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through filings or hearings in this case; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

Any use of Protected Material for purposes other than related to the tentative nationwide settlement that has been reached in these cases shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Designation of Protected Material. The Producing Party may designate as "CONFIDENTIAL" any documents or information produced in this action that the Producing Party's Counsel reasonably and in good faith believes to qualify for protection under Federal Rule of Civil Procedure 26(c) or under the terms of this Order.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, CONFIDENTIAL information that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings and documents produced in "native" format), that the Producing Party affix the legend "CONFIDENTIAL" to each page that

contains protected material.

(b) for documents produced in "native" format ("Native-Format Documents"), a Producing Party may designate the Native-Format Document as Protected Material by placing a stamp or marking on an associated slip sheet stating the following: "CONFIDENTIAL." For use outside a litigation-support review application, the Receiving Party may make copies of native-format copies or duplicates of a Native-Format Document solely (a) for use by Experts or Counsel, or (b) for use as exhibits. Any such copy or duplicate shall retain the full file name as originally produced. All other copies or duplicates of Confidential Native-Format Documents (*e.g.*, TIFF-image, PDF, hardcopy) and all extracts, summaries, or descriptions of Confidential Native-Format Documents shall contain a stamp or marking on each page of the Document stating "CONFIDENTIAL." Such markings shall not obscure, alter, or interfere with the legibility of the original document.

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4 Inadvertent Designation. If it comes to a Producing Party's attention that information or items that it designated as "CONFIDENTIAL" do not qualify for protection under this Protective Order, the Producing Party shall promptly notify all other Parties that it is withdrawing the mistaken designation.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Producing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is

disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Producing Party may file a motion to retain a confidentiality designation within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Absent good cause or prior agreement by the Producing and Challenging Parties, failure of the Producing Party to move to retain confidentiality within the time frame set forth above shall waive the confidentiality designation(s) in dispute. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Producing Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by the Producing Party only for the Permitted Purpose. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing expressly by the Producing Party, Protected Material may be disclosed only to:

(a) Non-Settling Plaintiffs' Counsel who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A and who have provided a copy of the signed Acknowledgment and Agreement to be Bound to counsel for the Producing Party before accessing Protected Material;

(b) the Court and its personnel (including court reporters);

(c) Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A and who have provided a copy of the signed Acknowledgment and Agreement to be Bound to counsel for the Producing Party before accessing Protected Material;

7.3 Filing Protected Material. This Stipulated Protective Order does not authorize filing Protected Material under seal. Any Party seeking to file Protected Material with the Court shall seek permission to file such Protected Material under seal, unless the Producing Party provides express written instructions otherwise. If the Court permits such materials to be filed under seal, then unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 79.3.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Producing Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Protected Material may be affected.

If the Producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Producing Party's permission. The Producing Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order.

11. MISCELLANEOUS

11.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use of any of the material covered by this Protective Order as evidence.

11.3 No Waiver of Privilege. The Parties shall not assert that the discussion or exchange of information among the Parties in connection with the provision of Informal Discovery constitutes a waiver of the attorney-client privilege, the attorney work product doctrine, the mediation privilege, or any other objection to the production of information or documents in any legal proceeding involving any of the Parties. Disclosure of Informal Discovery pursuant to this Agreement shall not be deemed a waiver of privilege or work product protection as to any third party, and the Parties agree to support and join in any filings necessary to make this non-waiver agreement effective as to third parties.

11.4 Compliance with Law. Notwithstanding anything in this Order to the contrary, this Order shall not require any Party to violate any order of a court or arbitrator, or any law or regulation. If a Party receives notice that the Party will or may be compelled by law to disclose the

other Party's information that is protected by this Order, the Party shall provide such notice to the other Party within two days of the Party's receipt of such notice and, in any event, before disclosing any such information. The Parties acknowledge that the existence of this Order, and/or the Order itself, may need to be disclosed pursuant to Fed. R. Civ. P. 23(e)(3).

12. FINAL DISPOSITION

Within 30 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Non-Settling Plaintiffs' Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION). At no point, either before or after Final Disposition, may a Receiving Party or Counsel use Protected Material, or any information gleaned from Protected Material, for any purpose other than the prosecution or defense of this action.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: May 17, 2022

By: */s/ Andrew Soukup*

Henry Liu (0082917)
Andrew Soukup (admitted *pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street NW
Washington, DC 20001
Telephone: +1 202 662 6000
Email: hliu@cov.com
Email: asoukup@cov.com

Amy Heath (admitted *pro hac vice*)
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: +1 415 591 6000
Email: aheath@cov.com

Keith Shumate (0056190)
Kathryn M. Brown (0100426)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone: +1 614 365 2700
E-mail: keith.shumate@squirepb.com
E-mail: kathryn.brown@squirepb.com

Scott A. Kane (0068839)
Jennifer L. Dollard-Smith (0093624)
SQUIRE PATTON BOGGS (US) LLP
201 E. Fourth St., Suite 1900
Cincinnati, Ohio 45202
Telephone: +1 513 361 1200
E-mail: scott.kane@squirepb.com
E-mail: jennifer.dollard-smith@squirepb.com

*Counsel for Defendant The Procter & Gamble Co.*

By: /s/ Peter Samberg

Peter Samberg
PETER SAMBERG ATTORNEY AT LAW
100 Ardsley Ave. West
P.O. Box 73
Ardsley on Hudson, NY 10503
Tel: (914) 391-1213
psamberg@gmail.com

*Counsel for Plaintiff Miriam Freund*

*Freund v. The Procter & Gamble Co.*, Case No. 1:21-cv-11212

By: /s/ Gillian L. Wade
Gillian L. Wade (229124)
MILSTEIN JACKSON
FAIRCHILD & WADE, LLP
10990 Wilshire Blvd., 8th Floor
Los Angeles, California 90024
Tel: (310) 396-9600
gwade@mjfwlaw.com

*Counsel for Plaintiff Gloria Quinones*

*Quinones v. The Procter & Gamble Co.*, Case No. 2:21-cv-09595 (C.D. Cal)

By: /s/ Michael R. Reese
Michael R. Reese (206773)
REESE LLP
100 West 93rd Street, 16th Floor
New York, New York 10025
Tel: (212) 643-0500
mreese@reesellp.com

*Counsel for Plaintiff Haley Canaday*

*Canaday v. The Procter & Gamble Co.*, Case No. 3:21-cv-00774

By: */s/ David J. Stanoch*
David J. Stanoch
Honik LLC
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Tel: 267-435-1300
ruben@honiklaw.com

By: */s/ Conlee S. Whiteley*
Conlee S. Whiteley (admitted *pro hac vic*)
KANNER & WHITELEY, LLC
701 Camp Street
New Orleans, LA 70130
Tel: (504) 524-5777
Email: c.whiteley@kanner-law.com

*Counsel for Plaintiffs Sheri Clayton and Tova Bryski*

*Clayton v. The Procter & Gamble Co.*, Case No. 1:21-cv-02024 (S.D. Fl.)
*Bryski v. The Procter & Gamble Co.*, Case No. 0:21-cv-62285

By: */s/ Max S. Roberts*
Max S. Roberts (admitted *pro hac vic*)
BURSOR & FISHER, P.A
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Facsimile: (212) 989-9163
mroberts@bursor.com

*Counsel for Plaintiffs Angela Levya, Andrew Fahey, Otto Delcid, and Nicole Asencio*

*Levya v. The Procter & Gamble Co.*, Case No. 4:21-cv-10108
*Delcid v. The Procter & Gamble Co.*, Case No. 1:21-cv-09454
*Asencio v. The Procter & Gamble Co.*, Case No. 1:21-cv-11212

By: */s/ Charles E. Schaffer*
Charles E. Schaffer
LEVIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
cschaffer@lfsblaw.com

By: */s/ Jason P Sultzer*
Jason P. Sultzer, Esq.
THE SULTZER LAW GROUP P.C.
270 Madison Avenue, Suite 1800
New York, NY 10016
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com

*Counsel for Plaintiff Michael Toporek*

*Toporek v. The Procter & Gamble Co.*, Case No. 221-cv-06185

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: May __, 2022

_______________________________
Magistrate Judge Chelsey M Vascura
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ [print or type full name], of _________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of Ohio on ____________________ [date] in the case of **In re: Procter & Gamble Aerosol Products Marketing and Sales Practices Litigation, CASE NO. 2:22-md-3025, MDL CASE NO. 3025**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Ohio for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint __________________________ [print or type full name] of _________________ ________________________________________________________________________________ [print or type full address and telephone number] as my Ohio agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ______________________________________

City and State where sworn and signed: _________________________________

Printed name: ________________________________

Signature: __________________________________