**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **In re: Procter & Gamble Aerosol Products Marketing and Sales Practices Litigation** | : : : : : : : | Case No. 2:22-md-3025 <br><br> Judge Michael H. Watson <br><br> Magistrate Judge Chelsey Vascura |

**This document relates to: ALL CASES**

## DECLARATION OF GARY M. KLINGER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF A SETTLEMENT CLASS, APPROVAL OF THE PLAN OF NOTICE AND FORMS OF NOTICE AND SETTING DATES AND PROCEDURES FOR FINAL FAIRNESS HEARING

I, Gary M. Klinger, declare as follows:

1. I am a partner in the law firm Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg") and am counsel of record for Plaintiffs Norma Bernsee, Abby Nelson, Shirley Thiele and Eileen Aviles, (collectively with Plaintiffs Lindsey LaBella, Erica Esquivel, Joshua Wallace, Tyler Baker, Brian Stanfield, Shelby Cooper, Tanya Cooper, Jacob Cooper, Patricia Donadio, James Dethrow, Gregory Pickens, Ryan Rinz, Patricia Kelley, Jeremy Wilson, Dante Melendez, Darrel Stewart, Beth Blake, Angela Hernandez, Lynn Balser Mills, Matthew Lopez, Erik Velasques, Frank Ortega, Nancy Martinez, Evan Clarke, Lagregory Bonner, Haley Canaday, Cheri Casolari, Dan Lewis, Berenice Bernier, Chaka Theus and Sondra Trent, "Plaintiffs" or "Settlement Class Representatives") and the proposed settlement class in this action. I am an attorney admitted to practice law in the State of Illinois. I make this Declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Certification of a Settlement Class, Approval of the Plan of Notice and Forms of Notice and Setting Dates and Procedures for Final Fairness Hearing. I make this Declaration based on my personal knowledge, and if called to testify, I could and would competently testify to the matters contained in this Declaration.

1

**PROSECUTION OF THIS ACTION**

2. The Settlement Agreement is the result of competent representation and vigorous arms'-length negotiations with Defendant Proctor & Gamble ("Defendant" or "P&G") (by and through its counsel of record) to reach the best possible outcome for the proposed Settlement Class. Based on my experience as class counsel, and after taking into account the disputed factual and legal issues involved, I believe the proposed Settlement is fair, reasonable, and adequate for the Settlement Class.

3. Milberg and its co-counsel, Kevin Laukaitis of Shub Law Firm, Steven Bloch of Silver Golub & Teitell, LLP, Mark S. Reich of Levi & Korinsky, LLP, Rick Paul of Paul LLP, Terence R. Coates of Markovits Stock & Demarco LLC, Paul Doolittle of Poulin Willey Anastopoulo, LLC, Bryan F. Aylstock of Aylstock, Witkin, Kreis & Overholtz, PLLC, Jonathan Jagher of Freed Kanner London & Millen LLC, and Richard S. Wayne of Strauss Troy Co., LLP (collectively "Plaintiffs' Counsel" or "Settlement Class Counsel"), have vigorously prosecuted this litigation on behalf of Plaintiffs and the putative class since its inception and dedicated significant time and resources to this litigation—and will continue to do so through final approval. The prosecution of this action was done solely on a contingent fee basis, and Plaintiffs' Counsel has been completely at risk that it would not receive any compensation for prosecuting claims against the Defendant.

4. I and my co-counsel have extensively investigated Plaintiffs' claims and facts surrounding Defendant's aerosol antiperspirant, deodorant, body spray products and dry shampoo, and dry conditioner products that are alleged to contain benzene, reviewed and analyzed informal discovery information produced by Defendant; and made a thorough study of the legal principles applicable to the claims asserted. Defendant disclosed evidence and information under mediation privilege, and the extent of the information obtained is more extensive than the stage of proceedings alone might suggest.

5. The Plaintiffs reviewed their Complaints prior to filing and understand the allegations they are asserting. Plaintiffs are willing to prosecute this matter on behalf of themselves and the putative Class and were advised of and understand their obligations as Class

Representatives. Plaintiffs regularly communicated with Settlement Class Counsel regarding various issues pertaining to this case and will continue to do so until the Settlement is finally approved, and its administration completed. I am unaware of any conflicts of interest between Plaintiffs and the putative Class Members..

6. I, and the Settlement Class Counsel herein have worked cooperatively to vigorously and successfully negotiate a settlement that in the best interests of the Class.

7. The first case in this action was filed by Plaintiffs Velasques, Ortega and Lopez in this District on November 19, 2021. On December 31, 2021 Defendant filed a Motion for Transfer of Action for Centralized Pretrial Proceedings with the Judicial Panel on Multidistrict Litigation (the "Panel") and a hearing was held on March 31, 2022 to determine the appropriate court in which to consolidate pretrial proceedings.

8. Prior to the hearing before the Panel on the motion for transfer and centralization of the cases in one court, counsel for P&G, Andrew Soukup and other lawyers at his firm (collectively "Defendant's Counsel") and Settlement Class Counsel (Defendant's Counsel and Settlement Class Counsel are collectively referred to as the "Parties' Counsel") engaged in early settlement discussions. In connection with those discussions, Settlement Class Counsel reached out to attorneys representing plaintiffs in the other pending cases against P&G, including those pending in the Southern District of Florida (hereinafter "Non-settling Plaintiffs' Counsel"), to participate in a potential mediation. Based on those discussions, it is my understanding that Non-settling Plaintiffs' Counsel refused to participate in any settlement discussions on the basis that it was too early to settle and that a leadership structure must be appointed before any settlement discussions could take place. Notably, Non-Settling Plaintiffs' Counsel supported transfer and centralization of the related actions to the U.S. District Court for the Southern District of Florida.

9. In March of 2022 the Parties' Counsel agreed to explore a mediated resolution of the claims on a nationwide basis and jointly selected Robert Meyer as mediator. On March 28, 2022, Settlement Class Counsel and Defendant's counsel attended a full day mediation session with Mr. Meyer —an experienced and nationally recognized mediator. As a condition of mediation, Settlement Class Counsel requested that P&G provide a comprehensive list of documents and data

3

with which to adequately evaluate the any resulting settlement. The Parties executed a Confidentiality Agreement and P&G produced detailed documents and information regarding nationwide sales and testing data concerning the P&G Aerosol Products.

10. Defendant's production included information regarding P&G's notice of benzene contamination; communications between P&G and its affiliates concerning benzene contamination; information regarding studies and analysis performed by P&G with respect to the benzene contamination; P&G's communications with the FDA regarding the contamination; information about P&G's Aerosol manufacturers and raw material suppliers; and information on P&G's refund program, including procedures and protocols for processing refunds, criteria for payment, number of claims made, refund amounts paid, consumer complaints made, and consumer communications.

11. Plaintiffs' Counsel independently retained Colin B. Weir, Vice President of Economics and Technology, Inc.--a highly-regarded firm that specializes in conducting economic, statistical, regulatory and other analysis—to conduct a conjoint analysis, which included a test survey from which price premium percentages were derived. The information and documents produced by P&G, Plaintiffs' Counsel's independent investigation, and the results of Mr. Weir's conjoint analysis, provided Plaintiffs' Counsel with more than adequate information to engage in mediation and negotiate a potential settlement.

12. To provide for a productive mediation, Defendant's Counsel and Plaintiffs' Counsel prepared separate and comprehensive mediation statements for Mr. Meyer in which the Parties discussed the facts, evaluated the strengths and weaknesses of their claims both on the merits and as to class certification, and also addressed the question of damages.

13. During the mediation with Mr. Meyer of March 28, 2022 the Parties' Counsel discussed and evaluated the claims, damages, allegations and defenses ant issue but were unable to reach an agreement. Despite several weeks of continued arm's length negotiations involving Mr. Meyer, the Parties eventually reached an impasse. It was only upon Mr. Meyer's mediator's proposal that the parties eventually reached an agreement on May 2, 2022. Further negotiations involving Mr. Meyer were held to address the issue of the proposed service awards, reasonable attorneys' fees, and reasonable litigation expenses only after the Parties reached an agreement on

the material terms of the settlement on behalf of the Class. The Parties came to agreement on this issue, subject to this Court's approval, again by Mr. Meyer's proposal.

14. The Parties entered into a Memorandum of Settlement on May 2, 2022, and prior to the Court's Case Management Conference No. 1, filed a notification of Settlement with the Court. In June of 2022, the Parties entered into a Stipulation of Settlement and Settlement Class Counsel sent a copy of the proposed Stipulation of Settlement to Counsel for the Non-Settling Plaintiffs. Settlement Class Counsel have also responded to question from the Non-Settling Plaintiffs' Counsel but none have indicated their support or opposition to the Settlement. If approved by the Court, the Settlement will resolve the Action on a class-wide basis and settle the claims of millions of individuals. This Settlement has the support of a majority of the cases filed in this MDL, with at least fourteen (14) of the twenty seven (27) cases supporting the Settlement.

15. Based on my experience, I believe this settlement is a positive resolution for the Settlement Class and falls comfortably within the range of reasonableness and represents a fair and reasonable compromise of the potential recovery. It is also my considered opinion the Claim Form, Short-Form Notice, and Long-Form Notice accurately and plainly explain the settlement benefits and how to obtain them, offer clear opportunity for members of the Settlement Class to exclude themselves if they so choose, and provide a mechanism for the Settlement Class to share their opinions about the Settlement with the Court.

16. After careful consideration of the factual and legal issues, settlement benefits and risks of further litigation set forth in Plaintiffs' Motion and Memorandum in Support of Preliminary Approval of Class Action Settlement, and the injury suffered by the Settlement Class, I respectfully request that this Court grant Plaintiffs' motion.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct. Executed this 30th day of June 2022 at Chicago, Illinois.

*s/Gary M. Klinger*
Gary M. Klinger