**EXHIBIT 1**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **In re: Procter & Gamble Aerosol Products Marketing and Sales Practices Litigation** | Case No. 2:22-md-3025 <br><br> Judge Michael H. Watson <br><br> Magistrate Judge Chelsey Vascura |

## [PROPOSED] FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT

This matter came before the Court for hearing on May 30, 2023, pursuant to the Court's Preliminary Approval Order dated October 28, 2022 (Dkt. No. 45), and on the Motion ("Motion") and supporting memoranda (Dkt. Nos. 55 & 56) for Final Approval of the Class Action Settlement Agreement and Release, , entered into by the Parties (the "Settlement Agreement") (Dkt. No. 23-1), as well as Settlement Class Counsel's Motion for an Attorneys' Fees and Costs Award and for a Settlement Class Representative Service Award ("Fee Motion") (Dkt. No. 47, 48 & 52).

Due and adequate notice having been given to the Settlement Class Members of the proposed Settlement and the pending motions, as directed by the Court's Preliminary Approval Order, and upon consideration of all papers filed and proceedings had herein, and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), and has personal jurisdiction over the Parties and the Settlement Class Members. Venue is proper in this District.

3. The "Settlement Class" for purposes of this Final Approval Order means: All persons residing in the United States who purchased P&G Aerosol Products during the period beginning November 4, 2015, and ending December 31, 2021. The following individuals are excluded from the Settlement Class: officers and directors of P&G and its parents, subsidiaries, affiliates, and any entity in which P&G has a controlling interest; any person who never used a P&G Aerosol Product but instead only purchased a P&G Aerosol Product exclusively for the purpose of reselling the P&G Aerosol Product to a consumer; all judges assigned to hear any aspect of the Actions, as well as their staff and immediate family; and Settlement Class Counsel, their staff members, and their immediate family.

4. The Court finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this matter.

5. The Court finds that the Notice program for disseminating notice to the Settlement Class, provided for in the Settlement Agreement and previously approved and directed by the Court, has been implemented by the Settlement Administrator and the Parties. The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of the Actions and the MDL, the definition of the Settlement Class certified, the class claims and issues, the opportunity to enter an appearance through an attorney if the member so desires, the opportunity, the time, and the manner for requesting exclusion from the Settlement Class, and the binding effect of a class judgment; (c) constituted due, adequate, and sufficient notice to all persons and entities entitled to notice; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, due process under the U.S. Constitution, and any other applicable law.

6. The Court APPROVES Notice and Settlement Administration Costs in the amount of [_____], with such costs, net of any Notice and Settlement Administration Costs Advance already paid, to be paid by P&G pursuant to Section 2.4 of the Settlement Agreement.

7. The Court hereby finds that all Settlement Class Members and all persons who fall within the definition of the Settlement Class have been adequately provided with an opportunity to exclude themselves from the Settlement Class by submitting a request for exclusion in conformance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order. A list of those persons and entities who submitted timely and valid requests for exclusion is attached as Exhibit A. All persons and entities listed on Exhibit A are not bound by this Final Judgment and Approval Order and are entitled to no relief under the Settlement. All other persons who fall within the definition of the Settlement Class are Settlement Class Members and part of the Settlement Class, and shall be bound by this Final Judgment and Approval Order and the Settlement Agreement.

8. The Court reaffirms that the Actions are properly maintained as class actions, for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(b)(3).

9. The Court finds that, for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3). Specifically, this Court finds that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are questions of law and fact common to Settlement Class Members; (3) Settlement Class Representatives' claims are typical of those of the Settlement Class Members; (4) Settlement Class Representatives and Settlement Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class Members; and (5) for purposes of settlement only, the Settlement Class meets

the predominance and superiority requirements of Rule 23(b)(3). The Court further finds, for settlement purposes only, that P&G has acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate respecting the class as a whole under Rule 23(b)(2).

10. The Court affirms the appointment of Norma Bernsee, Abby Nelson, Shirley Thiele, Lindsey Labella, Erica Esquivel, Joshua Wallace, Tyler Baker, Brian Stanfield, Eileen Aviles, Shelby Cooper, Tanya Cooper, Jacob Cooper, Patricia Donadio, Gregory Pickens, Ryan Rinz, Patricia Kelley, Jeremy Wilson, Dante Melendez, Darrell Stewart, Beth Blake, Angela Hernandez, Lynn Balser Mills, Matthew Lopez, Erik Velasques, Frank Ortega, Nancy Martinez, Evan Clarke, Lagregory Bonner, Haley Canaday, Cheri Casolari, Dan Lewis, Berenice Bernier, Chaka Theus, Marianna Campbell and Sondra Trent as Settlement Class Representatives to represent the Settlement Class. and affirms the appointment of Gary M. Klinger, Richard S. Wayne, Jonathan Shub, Steven Bloch, Mark S. Reich, Rick Paul, Terence R. Coates, Michael Reese, Noah Schubert, Paul Doolittle, Bryan F. Aylstock, Jonathan Jagher, and Kiley Grombacher as Settlement Class Counsel to represent the Settlement Class. The Court also appoints Richard S. Wayne and Gary M. Klinger as Co-Lead Settlement Class Counsel.

11. The Court finds that the Settlement Agreement warrants final approval pursuant to Rule 23(e)(2) because the Court finds the Settlement Agreement is fair, reasonable, and adequate and is in the best interest of the Settlement Class, after weighing the relevant considerations. First, the Court finds that the Settlement Class Representatives and Settlement Class Counsel have adequately represented the Settlement Class, and will continue to do so through Settlement implementation. Second, the proposed Settlement Agreement was reached as a result of arms-length negotiations through an experienced mediator, Robert Meyer, and comes after adequate

investigation of the facts and legal issues and the filing of 14 complaints and a Consolidated Amended Complaint by the Settlement Class Representatives, a daylong mediation session, and extended arm's-length negotiations thereafter. Third, the Court finds that the relief proposed to be provided for the Settlement Class is fair, reasonable, and adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' claims; and (iii) the terms of the requested Attorneys' Fees and Costs Award. Fourth, the Court finds that the Settlement Agreement treats Settlement Class Members equitably relative to each other. As set forth more fully in the Settlement Agreement, each Settlement Class Member that submitted a timely and valid Claim Form will be sent, at his or her election, either a Payment or Voucher, which will be based on the number of P&G Aerosol Products the Settlement Class Member purchased, as provided on the Settlement Class Member's submitted Claim Form.

12. In granting final approval of the Settlement Agreement, the Court has also considered the factors that courts in this Circuit consider in evaluating proposed class settlements—which overlap considerably with the factors to be considered under Rule 23(e)(2)—including "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

13. Based upon a review of all of the factors to be considered when determining whether to grant final approval, the Motion is hereby GRANTED, and the Settlement Agreement and its terms are hereby found to be and APPROVED as fair, reasonable, and adequate and in the

best interest of the Settlement Class. The Parties and Settlement Administrator are directed to consummate and implement the Settlement Agreement in accordance with its terms, including distributing Proof-of-Purchase Vouchers, Proof-of-Purchase Payments, No Proof-of-Purchase Vouchers, and No Proof-of-Purchase Payments to eligible Settlement Class Members, distributing the Settlement Class Representative Service Awards (discussed below), and paying the Notice and Settlement Administration Costs.

14. All Actions and any other case centralized for pretrial proceedings as part of In re Procter & Gamble Aerosol Product Marketing & Sales Practices Litigation, No. 22-md-3025 (S.D. Ohio), are hereby dismissed with prejudice and without costs to any Party, other than as specified in the Settlement Agreement, this Final Judgment and Approval Order, and any order(s) by this Court regarding Settlement Class Counsel's motion for an Attorneys' Fees and Costs Award and a Settlement Class Representative Service Award.

15. In consideration of the benefits provided under the Settlement Agreement, and for other good and valuable consideration set forth in the Settlement Agreement, each of the Settlement Class Members and Releasing Parties shall, by operation of this Final Judgment and Approval Order, have fully, finally, and forever released, relinquished, acquitted, and discharged all Released Claims against each of the Released Parties in accordance with Section 3.6 of the Settlement Agreement, the terms of which section are incorporated herein by reference. The terms of the Settlement Agreement, which are incorporated by reference into this Order, shall have res judicata and other preclusive effects as to the Released Claims as against the Released Parties. The Released Parties may file the Settlement Agreement and/or this Order in any other litigation to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any similar defense or counterclaim.

16. All Settlement Class Members and Releasing Parties (including any persons purporting to act on their behalf) have covenanted not to sue any Released Party with respect to any Released Claim and shall be permanently barred and enjoined from instituting, commencing, prosecuting, continuing, or asserting any Released Claim against any Released Party, directly or indirectly (including in any action purportedly brought on behalf of the general public of the United States or of a particular state, district, or territory therein). This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement and this Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. Notwithstanding the foregoing, nothing in this Order and judgment shall preclude an action to enforce the terms of the Settlement Agreement.

17. Pursuant to the terms of the Settlement Agreement, Settlement Class Representatives, Settlement Class Counsel, P&G, and P&G's Counsel have, and shall be deemed to have, released each other from any and all Claims relating in any way to any Party or counsel's conduct in the Actions, including but not limited to any Claims of abuse of process, malicious prosecution, or any other claims arising out of the institution, prosecution, assertion, or resolution of the Actions, including Claims for attorneys' fees, costs of suit, or sanctions of any kind except as otherwise expressly set forth in Section 3.6(d) of the Settlement Agreement.

18. This Final Judgment and Approval Order is the final, appealable judgment in the MDL as to all Released Claims. The time to appeal from this Final Judgment and Approval Order shall commence upon its entry.

19. Without affecting the finality of this Final Judgment and Approval Order in any way, this Court retains jurisdiction over (a) implementation of the Settlement Agreement and the terms of the Settlement Agreement; (b) Settlement Class Counsel's motion for an Attorneys' Fees

and Costs Award and a Settlement Class Representative Service Award; (c) distribution of the vouchers and settlement payments, Settlement Class Counsel's Attorneys' Fees and Costs Award, and any Settlement Class Representative Service Award; and (d) all other proceedings arising out of or related to the implementation, interpretation, validity, administration, consummation, and enforcement of the terms of the Settlement Agreement, including enforcement of the Releases provided for in the Settlement Agreement.

20. In the event that the Effective Date does not occur, this Final Judgment and Approval Order shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Settlement Class Representatives, Settlement Class Members, and P&G.

21. This Final Judgment and Approval Order, the Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement Agreement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against P&G or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Settlement Class Representatives in the Actions; (b) any liability, negligence, fault, or wrongdoing of P&G or the Released Parties; or (c) that these Actions or any other action may be properly certified as a class action for litigation, non-settlement purposes.

22. The Fee Motion is also hereby GRANTED. The Court APPROVES: (a) payment of Settlement Class Counsel's Attorneys' Fees and Costs Award in the total amount of $[_____] (consisting of $[_____] in attorneys' fees, plus $[_____] in reimbursement of litigation expenses); and (b) payment of service awards in the amount of $[_____] each to Settlement Class Representatives Norma Bernsee, Abby Nelson, Shirley Thiele, Lindsey Labella, Erica Esquivel,

Joshua Wallace, Tyler Baker, Brian Stanfield, Eileen Aviles, Shelby Cooper, Tanya Cooper, Jacob Cooper, Patricia Donadio, Gregory Pickens, Ryan Rinz, Patricia Kelley, Jeremy Wilson, Dante Melendez, Darrell Stewart, Beth Blake, Angela Hernandez, Lynn Balser Mills, Matthew Lopez, Erik Velasques, Frank Ortega, Nancy Martinez, Evan Clarke, Lagregory Bonner, Haley Canaday, Cheri Casolari, Dan Lewis, Berenice Bernier, Chaka Theus, Marianna Campbell, and Sondra Trent to compensate them for their commitment and effort on behalf of the Settlement Class pursuant to Section 3.3 of the Settlement Agreement.

23. The Court finds that the fees and litigation expenses requested by Settlement Class Counsel are reasonable and appropriate under applicable standards and justified by the circumstances of this case. In addition, Co-Lead Settlement Class Counsel shall work with other Settlement Class Counsel to fairly apportion the attorneys' fee awarded by the Court.

24. With respect to the requested Settlement Class Representative Service Awards for Settlement Class Representatives, the Court finds that such awards are appropriate, and that the amount requested is within the range regularly awarded by Sixth Circuit courts and justified by the circumstances in this case. *See Carr v. Guardian Healthcare Holdings, Inc.*, No. 2:20-cv-6292, 2022 WL 501206, at *9 (S.D. Ohio Jan. 19, 2022).

25. The Court also notes that no Settlement Class Member objected to the Settlement or to the requested Attorneys' Fees and Costs Award or Settlement Class Representative Service Awards—the requested amounts of which were included in the class notice.

26. Pursuant to Rule 54, the Court finds that there is no just reason for delay and expressly directs this Final Judgment and Approval Order for immediate entry by the Clerk of the Court.

IT IS SO ORDERED.

DATED:

                                                  Michael H. Watson
                                                United States District Judge