UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION
-------------------------------------------------------------------X

AMGAD S. MIKHAIL,                            **MOTION and**

                                                       **AFFIRMATION IN SUPPORT**

                                                       Case No 2:22-cv-02703-MHW-CMV

                      Plaintiff (s),

     -against-

THE PROCTER & GAMBLE COMPANY,

                      Defendant (s),
-------------------------------------------------------------------X

      Adilya Gambone, an attorney duly admitted to practice before this honorable Court, affirms the truth of the following under penalties of perjury:

      1.    I am associated with GAMBONE LAW GROUP, PLLC, attorneys of record for the Plaintiff(s), AMGAD S. MIKHAIL, and as such, I am fully familiar with the facts and circumstances surrounding this action based on a review of the file and the materials contained therein.

      2.    I submit this Motion and Affirmation in Support of the within motion seeking to:

  A.  To remove the within action back to the Eastern District of New York where it was originally commenced (under docket# 2:22-cv-03602) to continue the litigation as the plaintiff has opted out of the settlement of the multidistrict litigation ; and

  B.  For such other and further relief as this Court shall deem just and proper.

## PROCEDURAL HISTORY

3. This action seeks damages for serious personal injuries sustained by AMGAD S. MIKHAIL stemming from exposure to the defendants' product. It is alleged that the Plaintiff sustained serious and protracted personal injuries as a result of the negligence of the Defendants.

4. This action was commenced on or about June 17, 2022, by the filing and subsequent service of a Summons and Complaint in the Eastern District of New York under docket number 2:22 cv 03602. A copy of the Complaint is annexed as **Exhibit "A"**.

5. Thereafter the action was removed to the Southern District of Ohio via a Conditional Transfer Order dated July 7, 2022 to become part of the multidistrict litigation (MDL) under docket # 2:22-md-03025. The MDL involved a number of other cases involving common questions of fact. A copy of said Order is annexed as **Exhibit "B"**. Docket # 2:22-cv- 02703 was assigned to the action in this Court.

6. Plaintiff exchanged Rule 26 disclosures on or about October 18, 2022. **See Exhibit "C" (without attachments).**

7. A settlement was proposed in the MDL, however, the plaintiff opted out of same on or about September 28, 2022, which was acknowledged by Honorable Judge Michael H. Watson. **See Exhibit "G" p. 11, L. 10-2; p. 12, L. 1-9.**

8. On or about April 4, 2023, the plaintiff moved by letter motion to remove the action back to the Eastern District of New York to continue the litigation and/or obtain such direction from the Court as to how to proceed. **See Exhibit "D"**.

9. Counsel for Defendant opposed the letter motion on April 19, 2023 as same was submitted by letter and not by formal motion. **See Exhibit "E"**.

10. The Court thereafter denied the plaintiff's letter motion and instructed that a formal motion under local Rule 7.2(c**)** was necessary.  **See Exhibit "F".**

## **REMAND OF THE ACTION BACK TO THE EASTERN DISTRICT OF NEW YORK IS APPROPRIATE IN THE INTEREST OF JUSTICE**

11. As indicated, this case was initially filed in Eastern District of New York and was later transferred to the multidistrict litigation (MDL) proceedings in the Southern District of Ohio. The MDL was established to consolidate multiple related cases for efficient pretrial proceedings and coordination. However, with the recent settlement of the MDL, it is appropriate to return this case to its original district court for further resolution.

12. Now that the MDL proceedings has concluded, it is in the best interest of all parties involved to send this case back to its original District Court in New York. As a review of the plaintiff's Rule 26 disclosures **(Exhibit "C")** indicates,  the Eastern District of New York is appropriate for numerous reasons, including,  but not limited to the following:

 a) The purchase and sale of the defendants' product took place in New York;

 b) The Plaintiff at all times was a resident of  New York;

 c) The Plaintiff was employed in New York;

 d) All of the plaintiff's treatment was in New York;

 e) All of the plaintiff's doctors, health care providers and medical records are in New York; and

 f) All of the plaintiff's anticipated witnesses are in New York.

13. As a result, it is clearly evident that New York clearly has more ties and connections to plaintiff's claims while it is respectfully submitted that Ohio does not have any. Further, the interests of justice will be served as it will be unduly harsh, unnecessarily expensive and practically impossible for the plaintiff to continue this litigation in this Court due to the convenience of the parties and witnesses.

## UNDER 28 U.S.CODE 1404 THIS COURT HAS THE AUTHORITY TO TRANSFER THIS ACTION BACK TO THE EASTERN DISTRICT OF NEW YORK

14. Section 1404(a) of Title 28 provides that: "for the convenience of parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district where it might have been brought." Any party, including plaintiff, may move for a transfer under 28 U.S.C. § 1404(a).

15. In this action, not only could this Court transfer this action to any district where the action could have been commenced, but here the action was actually commenced in another jurisdiction and was only removed due to the MDL. Now that the MDL is over and the plaintiff has opted out **(as Exhibit "G"** indicates), clearly the interest of justice and fairness requires that the action be transferred back to the court of original commencement. To do otherwise, would be unduly prejudicial to the plaintiff as his action, most respectfully, has no connection to the current venue and to require the plaintiff to continue to litigate in Ohio, would be unduly burdensome and prejudicial to plaintiff.

**WHEREFORE,** it is respectfully requested that this Honorable Court grant the motion and send the case back to the original district court for further proceedings and resolution and for such other and further relief as this Court deems proper.

Dated:  Woodhaven, New York
　　　　July 13, 2023

    Yours, etc.,

GAMBONE LAW GROUP, PLLC

By: __/s/Adilya Gambone_____
Adilya Gambone, Esq.
Attorneys for Plaintiff(s)
AMGAD S. MIKHAIL
8652 Woodhaven Blvd, 2d Fl
Woodhaven, NY 11421
T: 718 650 5111
F: 718 682 3155
agambone@gambonelawgroup.com

TO:

Covington & Burling LLP
Attorneys for Defendants
THE PROCTER & GAMBLE COMPANY,
Salesforce Tower, 415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
T +1 415 591 7030 | aheath@cov.com

## CERTIFICATE OF SERVICE

ADILYA GAMBONE ESQ, an attorney duly admitted to practice before this Court, certifies that on July 13, 2023, she caused the within **MOTION and AFFIRMATION IN SUPPORT** to be served upon each attorney herein at the address set forth below via U.S. Mail and/or ECF:

**Via ECF**
Covington & Burling LLP
Attorneys for Defendants
THE PROCTER & GAMBLE COMPANY,
Salesforce Tower, 415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
T +1 415 591 7030 | aheath@cov.com

GAMBONE LAW GROUP, PLLC

By: __/s/Adilya Gambone_____
Adilya Gambone, Esq.

Case No 2:22-cv-02703-MHW-CMV
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

-------------------------------------------------------------------X

AMGAD S. MIKHAIL,

                      Plaintiff (s),

   -against-

THE PROCTER & GAMBLE COMPANY,

                      Defendant (s),

-------------------------------------------------------------------X

**MOTION AND AFFIRMATION IN SUPPORT**

**GAMBONE LAW GROUP, PLLC**
*Attorneys for Plaintiff*
**8652 Woodhaven Blvd**
**Woodhaven, NY 11421**
**718 650 5111**
[agambone@gambonelawgroup.com](mailto:agambone@gambonelawgroup.com)